IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

UNITED STATES OF AMERICA,
PLAINTIFF,

v.                              CASE NO. 4:05CR00307-01JMM

AMOS COLEMAN,
DEFENDANT,

MOTION OF DEFENDANT REQUESTING APPOINTMENT OF
COUNSEL PURSUANT TO TILE 18 USC § 3006(A) IN LIGHT OF
RECENT SUPREME COURT DECISION JOHNSON V. UNITED
STATES, (U.S. 2015)

---

Comes Now the Defendant, Amos Coleman, in pro se, and for his Motion of Defendant Requesting Appointment of Counsel Pursuant to Title 18 USC § 3006(A) in Light of Johnson v. United States, (U.S. 2015), states as follows:

In the interest of justice, defendant(s) motion for appointment of counsel should be granted where in light of Johnson v. United States, No. 13-7120 (US 2015), the District Court judgment is no longer enforceable under the residual clause or career offender guidelines application regarding definition § 4B1.4, and 18 U.S.C. § 924(e)(2)(B)(ii).

The high court invalidating the residual clause statute as unconstitutionally vague, did so within the context of viewpoint discrimination. Ultimately, the Fifth Amendment's Due Process Clause entered within the Supreme Court(s) legal decision to determine the residual clause void for vagueness, led to the constitutional meaning supporting a District Court(s) judgment enforced under §§ 4B1.2, and 4B1.(4).

According to the Supreme Court(s) recent pronouncement of Johnson v. United States ., No. 13-7120 (U.S. 2015), it appears that several circuit court of appeals have taken the

initiative to move immediately in correcting lower court's prior judgment(s) that were enforced under the residual clause statute and Federal Sentencing Guidelines. See United States v. Darden, No. 14-5537 (6th Cir. 2015); United States v. Parral-Dominquez, 2015 BL 23619 (4th Cir. 2015); Beckles v. United States, 576 U.S. ___, 2015), which the Supreme Court pursuant to Johnson v. United States, (U.S. 2015), reversed and vacated a District Court(s) decision denying petitioner's § 2255 motion.

Under the "intelligible principle doctrine" the Supreme Court within its decision in Johnson invalidated the residual clause statute which under this principle rule of law the legal opinion of the high court support that District Court's jurisdictionally lacked authority under the constitution to interpret, enforce, or impose an unlawful residual clause enacted by Congress.

Most recent the Seventh Circuit Court of Appeals consistent with the position of the government, found that Johnson v. United States, (U.S. 2015), is retroactive under second and successive § 2255 petitions. See Price v. United States, 2015 BL 249352 (7th Cir. 2015).

Also, the Eighth Circuit Court of Appeals recently ruled as well, that Johnson v. United States, (US 2015), is unconstitutionally vague, which translate that the opinion of the court of appeals in applicable to that of the Seventh Circuit Court of Appeals. See United States v. Brown, No-131590 (8th Cir. 2015).

When the government makes the concession in one area concerning retroactivity in a pending habeas case they speak in one voice, ensuring that the government's position applies to all whom it may concern. see Southern Union Co. v. United States, 132 S. Ct. 234 (2013), "The government conceded that it 'speaks with one voice when it comes to concessions.'" And a concession made by the government is one that the government attorney should be following nation wide. See United States v. IBM CORP, 517 U.S. 843 (1996).

Based on defendant(s) request for appointment of counsel in light of Johnson v.

United States, No. 13-7120 (US 2015), the Fourth Circuit held that "Shooting a gun into an occupied building does not constitute a crime of violence," see United States v. Parral-Dominquez, 2015 BL 23619 (4th Cir. 2015), where as the Eighth Circuit Court of Appeals now firmly hold that "the Supreme Court struck down the residual clause as unconstitutionally vague, noting vagueness in criminal statutes is prohibited by due process." see United States v. Brown, No. 13-1590 (8th Cir. 2015); see also United States v. Darden, No. 145537 (6th Cir. 2015), which the Sixth Circuit Court of Appeals held the invalidation of the residual clause statute under the Armed Career Criminal Act, is identical to the definition § 4B1.2 which triggering the career offender Guidelines § 4B1.1.

In speaking with one voice, the Department of Justice for the United States, not only conceded that Johnson v. United States, No. 13-7120 (US 2015) must be applied retroactively but also, the government's position regarding the residual clause statute being invalidated was that applying Johnson retroactively, on a second and successive § 2255 motion was applicable under Tyler v. Cain, 533 U.S. 656 (2001) because upholding a district court(s) judgment after the residual clause was invalidated violates due process.

Because defendant(s) sentence under the invalidated residual statute upholding the District Court(s) judgment is unenforceable, the constitutional requires pursuant to due process that the judgment be vacated and remanded for resentencing in the interest of justice.

Wherefore, Defendant respectfully move that the court grant the motion for appointment of counsel to permit counsel to file a § 2255(f)(3) habeas petition on Petitioner's behalf.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing request was served upon the Clerk of Court address listed below, and deposited a copy of said document in F.C.C. Forrest City-Medium mail, located in one of the several states in the union with proper postage affixed this 21th day of August, 2015.

*Amos Coleman*
Amos Coleman
Reg. No. 24000-009
FCC Forrest City-Medium
P.O. Box 3000
Forrest City, Arkansas 72336-3000


Clerk of Court
Richard Sheppard Arnold United States Courthouse
600 West Capitol Avenue, Room A149
Little Rock, Arkansas 72201