IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                            **4:05-CR-00307-01-JM**

**AMOS COLEMAN**

**ORDER**

Defendant filed a Motion for Appointment of Counsel (Doc. No. 23) to consider the effect of *United States v. Johnson* on his sentence.[1]  The motion is DENIED.

Assuming without deciding that *Johnson* is retroactive, the ruling would not affect the outcome here.

Under the Armed Career Criminal Act ("ACCA") a defendant receives an increased sentence if he had three separate, previous convictions for "a violent felony or a serious drug offense, or both    . . . ."[2]  "Violent felony" was defined, in part, as a felony that:

(I)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .[3]

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause."  In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague and violated due process.  However, the Court noted that "[t]oday's decision does not call into question

---

[1] 135 S. Ct. 2551 (2015).

[2] 18 U.S.C. § 924(e)(1).

[3] 18 U.S.C. § 924(e)(2)(B).

1

application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."[4]  In other words, the subsection defining physical force and the "enumerated offenses" of burglary, arson, extortion, and use of explosives are not affected by the ruling. [5]

Defendant has a 1989 conviction for second degree battery; a 1990 conviction for first degree battery; a 1991 conviction for second degree battery and aggravated assault; a November 1996 conviction for second degree battery and aggravated assault; and a March 1997 conviction for aggravated assault and terroristic threatening. None of these convictions fall under the "residual clause" found unconstitutional in *Johnson*.  Accordingly, Defendant's sentence is unaffected by the ruling in *United States v. Johnson.*

IT IS SO ORDERED this 28th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[4] *Johnson*, 135 S. Ct. at 2563.

[5] 18 U.S.C. § 924(e)(2)(B)(ii).