UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| AMOS COLEMAN | ) | PLAINTIFF |
| | ) | |
| v. | ) | No. 4:05CR307 JM |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | DEFENDANT |

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

On behalf of Petitioner Amos Coleman, the Federal Public Defender for the Eastern District of Arkansas hereby moves to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*.[1] In support, counsel states as follows:

Petitioner was sentenced to 188 months under the Armed Career Criminal Act ("ACCA"), which imposes a mandatory minimum sentence of 15 years for defendants convicted of certain firearm offenses in 18 U.S.C. § 922(g) and who have three prior convictions for "violent felonies" or drug trafficking offenses, or a combination of both. 18 U.S.C. § 924(e)(2)(B). As defined by the ACCA, a "violent felony" is one that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The first two clauses are referred to as the "force" clause and the "enumerated offenses" clause, respectively. The last clause of 18 U.S.C. § 924(e)(2)(B) that begins with "otherwise" is often referred to as the "residual clause."

---

[1] 135 S.Ct. 2551 (2015)

1

On June 26, 2015, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court struck down the residual clause as unconstitutionally vague, thereby limiting the types of felony offenses that trigger application of the ACCA. A few months later, on April 18, 2016, the Supreme Court held *Johnson* to be retroactive to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257 (2016). These two cases open the door for Petitioner to collaterally attack his sentence without otherwise being time-barred. Petitioner now seeks to vacate and correct his sentence under 28 U.S.C. § 2255(d), arguing that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), supports his claim that his sentence is unconstitutional.

Specifically, Petitioner submits that the aggravated assault convictions (PSR ¶ 27, 31) that triggered application of the ACCA in his case fall outside of both the enumerated offenses and the force clause, leaving only the residual clause as a means to support the enhanced penalty he received. The residual clause is no longer a viable definition of "violent felony," however, so Petitioner's prior convictions for aggravated assault do not count towards the necessary three predicate felonies. *United States v. Jordan*, 812 F.3d 1183, 1186-87 (8th Cir. 2016).

Undersigned counsel recognizes that in addition to Petitioner's aggravated assault convictions, he also has convictions for Battery 1st (PSR ¶ 28), Battery 2nd (PSR ¶ 23, 27) and Terroristic Threatening (PSR ¶ 31) in Arkansas state courts. If the charging documents associated with the battery convictions show the defendant caused "physical injury" to another person, then Petitioner concedes that as the law currently stands, these convictions qualify him for enhanced penalties under the ACCA.

With respect to his battery convictions, Petitioner acknowledges that in *United States v. Rice*, the Eighth Circuit Court of Appeals held that Arkansas's battery statutes necessarily require the use of violent physical force that is required in the "force clause" of the ACCA. 813 F.3d 704 (8th Cir. 2016). In its analysis of the statute, the court explained that to commit battery in Arkansas requires the defendant to inflict "physical injury" on someone, and to cause physical injury, one must necessarily use violent physical force. *Id*. at 706. To make this broad leap between physical injury and the use of violent force, the Court relied on the Supreme Court's interpretation of the term "bodily injury" in the context of a misdemeanor domestic violence statute. *Id*. (*citing United States v. Castleman*, 134 S.Ct. 1405 (2014). For the same reasons stated in Justice Kelly's dissent in *Rice*, Petitioner submits that *Rice* was wrongly decided.

> The question at the heart of the case, then, is whether intentionally or knowingly causing physical or bodily injury to another, as Arkansas Code Annotated § 5-13-202(a)(4) requires, necessarily involves the use, threatened use, or attempted use of violent force by the defendant. This question could not have been implicitly resolved by *Castleman*, for the majority opinion there explicitly reserved it. *Castleman*, 134 S. Ct. 1405, 1414, 188 L. Ed. 2d 426 (2014) ("Justice SCALIA's concurrence suggests that [bodily injury] necessitate[s] violent force, under *Johnson*'s definition of that phrase. But whether or not that is so - a question we do not decide - these forms of injury do necessitate force in the common-law sense.").

*Id*. at 707. Indeed, as Justice Kelly points out, the majority of circuit courts of appeals do not assert that physical injury <u>must</u> be caused by the use of violent physical force. *Whyte v. Lynch*, 807 F.3d 463, 469-72 (1st Cir. 2015); *United States v. Torres-Miguel*, 701 F.3d 165, 168-69 (4th Cir. 2012); *United States v. Villegas-Hernandez*, 468 F.3d 874, 880-82 (5th Cir. 2006); *United States v. Perez-Vargas*, 414 F.3d 1282, 1286-87 (10th Cir. 2005);

*Chrzanoski v. Ashcroft*, 327 F.3d 188, 196 (2d Cir. 2003); The Eighth Circuit Court of Appeals has once again created a circuit split.

In recent years the United States Supreme Court has taken certiorari from the Eighth Circuit on several key issues pertaining to criminal law. Several cases come to mind: *Gall v. United States*, 552 U.S. 38 (2007) (rejecting 8th circuit's instruction to district courts to presume a sentence within the guidelines to be reasonable); *Rodriguez v. United States*, 135 S.Ct 1609 (2015) (rejecting 8th circuit's approach for determining when prolonged detention during a traffic stop becomes unreasonable); *Johnson v. United States*, 135 S.Ct. 2551 (2015) (rejecting 8th Circuit's finding that the residual clause of the ACCA allows for fair sentencing); and most recently *Mathis v. United States,* No. 15-6092, 579 U.S. ___(June 23, 2016) (rejecting 8th Circuit's use of the modified categorical approach when statutes list various means of committing the offense rather than elements of the offense).

Had it not been for defendants challenging these holdings and filing motions to preserve their arguments, none of these seminal cases would have been decided. Therefore, in an effort to preserve his argument, Petitioner submits that *Rice* was wrongly decided. If his battery and aggravated assault convictions can be ruled out under the force clause and the enumerated offenses clause, then the residual clause is the only way these convictions can qualify as "violent felonies" under the ACCA. The residual clause is now void for vagueness, of course, so Petitioner's sentence cannot stand.

In conclusion, the sentence imposed in this case is illegal and exceeds the statutory maximum penalty of ten years' incarceration under 18 U.S.C. § 922(g)(1). Accordingly, Petitioner requests an order from the court vacating his sentence and re-sentencing him to

a term of years within the non-ACCA guideline range, followed by a term of supervised release that does not exceed 3 years.

WHEREFORE, the Petitioner respectfully requests that this Court grant his Motion, and for all other just and appropriate relief.

>Respectfully submitted,
>
>JENNIFFER HORAN
>FEDERAL DEFENDER
>
>By:   /s/ Kim Driggers--------------
>   Bar Number 2005249
>   Kim Driggers
>   Assistant Federal Defender
>   The Victory Building, Suite 490
>   1401 West Capitol Avenue
>   Little Rock, AR 72201
>   (501) 324-6113
>   E-mail: Kim_Driggers@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2016, a true and correct copy of the foregoing was mailed to the Defendant and was filed with the Clerk of the Court for the Eastern District of Arkansas using the CM/ECF system which shall send electronic notification to the following:

Linda Lipe
Assistant United States Attorney
P.O. Box 1229
Little Rock, AR 72203
Linda.lipe@usdoj.gov

>s/s Kim Driggers